**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JASON LEOPOLD,** *et al.* )| |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 1:21-cv-00545 (TJK)** |
| ) | |
| **U.S. DEPARTMENT OF** ) | |
| **HOMELAND SECURITY,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING**
**SECRET SERVICE'S SEARCH FOR RECORDS**

Secret Service text messages about the events of January 6, 2021, have been the subject of significant Congressional, Inspector General, and public attention since it became known that they were deleted as part of a "device migration." Those text messages are responsive to Plaintiffs' January 11, 2021 FOIA requests, and the device migration did not begin until a full week after Secret Service conducted a comprehensive search for records in response to Plaintiffs' requests. Secret Service has neither produced those text messages nor indicated that they were withheld based on any exemptions.

Together, these facts indicate that Secret Service did not conduct an adequate search for text messages, that summary judgment should be granted to Plaintiffs on the adequacy of Secret Service's search, and that Secret Service should be ordered to locate and process the text messages, exhaust efforts to recover any text messages that were deleted, and remedy any other deficiencies that emerge from the search declarations Secret Service must provide in response to this motion.

**I.       FACTUAL BACKGROUND**

As explained in Plaintiffs' Statement of Material Facts, the Requests at issue in this motion include within their scope any text messages sent or received by Secret Service Front Office

officials at a pay grade above GS-14 regarding the events of January 6.  Plaintiffs' Statement of Material Facts ("SOF") ¶¶ 1-2.  By January 19, 2021, Secret Service completed a comprehensive search for responsive records, which must have included the collection of responsive text messages.  SOF ¶¶ 5-7.  While Secret Service deleted text messages regarding January 6 as part of a device migration, that deletion did not occur until on or after January 27, 2021.  SOF ¶¶ 8-9.

Secret Service has completed its production of records and has neither produced nor indicated that it withheld as exempt any text messages.  SOF ¶ 13.  In addition to text messages that had been collected before the deletion occurred, Secret Service also did not produce a text message that was produced to the DHS Office of Inspector General.  SOF ¶¶ 12-13.

## II.        LEGAL STANDARDS

Under Rule 56, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (authorizing "motion for summary judgment or partial summary judgment").  "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).  Neither the Local Rules nor the Court's Standing Order provide for a particular time period in which summary judgment or partial summary judgment motions may be filed.

A moving party is entitled to summary judgment if, in response to the motion, a non-movant bearing the burden of proof fails to make a sufficient showing to establish the existence of an essential element of the non-movant's case. *Eddington v. Dep't of Def.*, 35 F.4th 833, 836-37 (D.C. Cir. 2022) (quoting *Stoe v. Barr*, 960 F.3d 627, 638 (D.C. Cir. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The defendant agency in a FOIA case must prove "beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents."  *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007). "Whether a particular search

was reasonable depends on the specific facts and must be judged on a case-by-case basis. A government agency must identify the searched files and describe at least generally the structure of the agency's file system." *Church of Scientology of Calif. v. IRS*, 792 F.2d 146, 151 (D.C. Cir. 1986) (cleaned up).  Thus, in response to this motion, Secret Service must explain the structure of its file systems, explain how it searched for and collected records, and prove that its efforts were reasonable.

### III.      ARGUMENT

Because Secret Service bears the burden of proving the reasonableness of its search and has not yet indicated how it keeps or collected the responsive records, Plaintiff will respond more fully once Secret Service provides those details in response to this motion.

That said, it appears to be clear from Secret Service's Answer to the Amended Complaint, its correspondence in connection with the Requests, official government letters regarding the existence of Secret Service text messages, and the failure to produce any text messages, that Secret Service's search was not sufficient.  *See generally* SOF.  The Requests expressly included text messages regarding the events of January 6, and responsive text messages existed before they were deleted as part of the Intune device migration. SOF ¶¶ 1-2, 6-9.  Secret Service cannot plausibly have contended on January 19, 2021, that it conducted a reasonable search of all Program Offices unless that search included text messages, and because January 19 predates the January 26 migration that caused the deletion of text messages about the events of January 6, the answer cannot be that the text messages were lost as part of the migration.  Nor has Secret Service explained why a text message it produced to the Department of Homeland Security Office of Inspector General was not produced.  SOF ¶ 12.

The Court should grant summary judgment to Plaintiffs and order Secret Service to locate and process those text messages and the text message Secret Service produced to the Inspector

General, in addition to any other categories of records for which Secret Service fails to prove it conducted an adequate search in response to this motion.

## IV.      CONCLUSION

For these reasons, the Court should grant partial summary judgment to Plaintiffs on the issue of Secret Service's search for records.


Dated:  August 22, 2022

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

_____

Attorneys for Plaintiff

Matthew Topic, DC Bar No. IL0037
Josh Loevy, DC Bar No. IL0105
Merrick Wayne, DC Bar No. IL0058
Shelley Geiszler, DC Bar No. IL0087
(E-Mail:  foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902