# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, *et al.* )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND )<br>SECURITY, *et al.*, )<br>)<br>    Defendants. ) | Case No. 1:21-cv-00545 (TJK) |

# DEFENDANTS' OPPOSITION TO
# PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

I.     Plaintiffs' FOIA Request and Initial Response by the Secret Service ............................ 2

II.    This Action and the Parties' Narrowing Agreement ...................................................... 2

III.   The Secret Service's Superseding Search Conducted After the Parties' Narrowing Agreement ............................................................................................................. 3

IV.    Plaintiffs' Motion for Partial Summary Judgment ......................................................... 4

LEGAL STANDARD ............................................................................................................ 4

ARGUMENT ......................................................................................................................... 5

I.     Adjudication of the Adequacy of the Secret Service's Search is Premature .................. 5

II.    Plaintiffs Have Not Established that They Are Entitled to Summary Judgment on the Adequacy of the Secret Service's Search. ........................................................... 7

III.   Insofar as Plaintiffs Are Seeking to Recant Their Prior Narrowing Agreement, They Must be Held to Their Agreement Under Traditional Waiver Principles ............... 9

CONCLUSION ..................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases**

*Am. Ctr. for Law and Justice v. U.S. Dep't of Justice*,
   325 F. Supp. 3d 162 (D.D.C. 2018) ............................................................................... 8, 10

*Am. Oversight v. U.S. Dep't of Veterans Affairs*,
   326 F.R.D. 23 (D.D.C. 2018) ................................................................................................ 6

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .............................................................................................................. 4

*Consumer Fed'n of Am. v. USDA*,
   539 F. Supp. 2d 225 (D.D.C. 2008) ..................................................................................... 7

*Cooper v. U.S. Dep't of Justice*,
   890 F. Supp. 2d 55 (D.D.C. 2012) ....................................................................................... 7

*Dillon v. U.S. Dep't of Justice*,
   444 F. Supp. 3d 67 (D.D.C. 2020) ..................................................................................... 10

*Gilman v. DHS*,
   32 F. Supp. 3d 1 (D.D.C. 2014) ......................................................................................... 10

*Greenberg v. FDA*,
   803 F.2d 1213 (D.C. Cir. 1986) ............................................................................................ 4

*Ground Saucer Watch, Inc. v. CIA*,
   692 F.2d 770 (D.C. Cir. 1981) .............................................................................................. 5

*Iturralde v. Comptroller of Currency*,
   315 F.3d 311 (D.C. Cir. 2003) ..................................................................................... 5, 8, 9

*Kooritzky v. McNary*,
   Civ A. No. 92-1270, 1993 WL 79519 (D.D.C. Mar. 11, 1993) ......................................... 1, 5

*Looney v. Walters-Tucker*,
   98 F. Supp. 2d 1 (D.D.C. 2000) ........................................................................................... 7

*Martinez v. U.S. Dep't of Justice*,
   324 F.R.D. 33 (D.D.C. 2018) ................................................................................................ 6

*Montgomery v. IRS*,
   40 F.4th 702 (D.C. Cir. 2022) .......................................................................................... 8, 9

*Oglesby v. U.S. Dep't of Army*,
   920 F.2d 57 (D.C. Cir. 1990) ................................................................................................ 5

*PETA Inc. v. Bureau of Indian Affairs*,
   800 F. Supp. 2d 173 (D.D.C. 2011) ..................................................................................... 7

*Pinson v. U.S. Dep't of Justice*,
   145 F. Supp. 3d 1 (D.D.C. 2015) .......................................................................................... 8

*Reep v. U.S. Dep't of Justice*,
   302 F. Supp. 3d 174 (D.D.C. 2018) ...................................................................................... 5

*Republican Nat'l Comm. v. U.S. Dep't of State*,
   No. 16-486, 2016 WL 9244625 (D.D.C. Sept. 16, 2016) ..................................................... 5

*Techserve All. v. Napolitano*,
   803 F. Supp. 2d 16 (D.D.C. 2011) ....................................................................................... 7

*Truitt v. Dep't of State*,
   897 F.2d 540 (D.C. Cir. 1990) .............................................................................................. 5

*Washington v. Cameron*,
   411 F.2d 705 (D.C. Cir. 1969) .............................................................................................. 4

*Weisberg v. U.S. Dep't of Justice*,
   705 F.2d 1344 (D.C. Cir. 1983) ............................................................................................ 5

*Wittlin v. Giacalone*,
   154 F.2d 20 (D.C. Cir. 1946) ................................................................................................ 4

**Rules**

Fed. R. Civ. P. 56(a) ................................................................................................................ 4, 7

## INTRODUCTION

Courts in this district typically do not entertain motions for summary judgment in FOIA cases until processing and production of all records at issue in the case are complete. Nevertheless, Plaintiffs Jason Leopold and Buzzfeed Inc. have filed a premature partial motion for summary judgment, addressing only a portion of count eight of their nine-count Amended Complaint, seeking to litigate the adequacy of one of the many Defendant agencies' searches while this case is still in the production phase. Unlike the normal posture, Defendants have not moved for summary judgment, again because the case is still in the production stage. Plaintiffs' motion for summary judgment "is untimely, as summary judgment is not appropriately considered until defendant[s] ha[ve] filed [their] *Vaughn* declaration and index." *Kooritzky v. McNary*, Civ A. No. 92-1270, 1993 WL 79519, at *1 (D.D.C. Mar. 11, 1993).

Even if the Court considers Plaintiffs' motion now, the motion should be denied because Plaintiffs have not shown that they are entitled to summary judgment that the Secret Service's search was inadequate. Plaintiffs' scant motion presents no facts, let alone undisputed facts, about the conduct of the Secret Service's search (not surprising since the Government has not yet moved for summary judgment and submitted a search declaration). Instead, it assumes the search must have been inadequate because no text messages were produced, contrary to controlling D.C. Circuit authority; challenges an initial search rather than the entirely new search the agency conducted after Plaintiffs narrowed their FOIA request; and argues the search was inadequate because a text message that is not responsive to the request was not produced. Plaintiffs have clearly not met their burden to demonstrate the inadequacy of the Secret Service's search, and the Court should therefore deny their partial motion for summary judgment. While Plaintiffs are correct that it is the Government's burden to demonstrate the adequacy of the search in a FOIA case, that is when the Government moves for summary judgment, which it has not yet done here, nor was it required to.

## BACKGROUND

### I. Plaintiffs' FOIA Request and Initial Response by the Secret Service

On January 11, 2021, Plaintiffs submitted FOIA requests to the Department of Homeland Security ("DHS"), DHS Office of Intelligence & Analysis ("I&A"), DHS Office for Civil Rights and Civil Liberties, DHS Office of Operations Coordination and Planning, the Cybersecurity and Infrastructure Security Agency ("CISA"), the Federal Emergency Management Agency ("FEMA"), the Transportation Security Administration ("TSA"), the U.S. Secret Service ("USSS" or "Secret Service"), and United States Customs and Border Protection ("CBP"). The requests were broad. Each FOIA request sought "[a]ll records" that were "collected by DHS and its component personnel, legal opinions, legal guidance, legal memos mentioning or referring to the planning of protests in Washington, DC on January 6, 2021 by [certain] supporters of President Donald Trump[.]" Am. Compl. Ex 1, ECF No. 17-1 at 2. The request also sought "[a]ll records . . . mentioning or referring to the insurrection . . . that took place at the Capitol building in Washington, DC on January 6, 2021." *Id* at 3. Other January 6-related records were sought as well. *Id*.

### II. This Action and the Parties' Narrowing Agreement

On March 2, 2021, Plaintiffs initiated this action, ECF No. 1. On April 27, 2021, Plaintiffs filed an Amended Complaint, ECF No. 17, which Defendants answered on May 21, 2021, ECF No. 19. Nine counts are pleaded in the Amended Complaint. Am. Compl. ¶¶ 36-40. Each count alleges that each defendant agency in this case has violated the FOIA by failing "to issue a determination or produce responsive records." *Id*. ¶ 39.[1] Soon thereafter—given the sweeping

---

[1] This action is one of several pending in this district that Plaintiffs have filed related to a FOIA request seeking similar records from different federal agencies. *See, e.g.*, Compl., *Leopold v. U.S. Dep't of Justice*, No. 1:21-cv-00558 (D.D.C. Mar. 3, 2021) (addressing similar request to thirty-one agencies); Compl., *Leopold v. U.S. Dep't of Transp.*, No. 1:21-cv-00581 (D.D.C. Mar. 4, 2021) (addressing similar request to the FAA); Am. Compl., *Leopold v. U.S. Dep't of Justice*, No. 1:21-cv-942, ECF No. 6 (D.D.C. Apr. 27, 2021) (addressing similar request to DOJ Executive Office of Immigration Review and DOJ Professional Responsibility Advisory Office).

scope of potential custodians at each agency for Plaintiffs' broad requests—Defendants requested that Plaintiffs agree to narrow the search. Joint Status Report, ECF No. 20 at 2.[2] On June 30, 2021, among other narrowing agreements, the parties agreed that Defendants may exclude custodians outside the Front Office, and within the Front Office, Defendants may exclude custodians at the GS-14 level and below. ECF No. 21 at 1.

As of August 12, 2022, CISA, FEMA, TSA, and the Secret Service, have completed searching and processing of materials related to Plaintiffs' FOIA requests. ECF No. 28 at 1-2. DHS, DHS Office of Civil Rights and Civil Liberties, and DHS Office of Operations Coordination and Planning have completed initial processing and are now processing consultation and referrals as they are received. *Id*. at 1. I&A and CBP are continuing to review documents for responsiveness. *Id*. at 1-2.

### III. The Secret Service's Superseding Search Conducted After the Parties' Narrowing Agreement

In the Secret Service, the Front Office consists of four individuals: the Director, the Deputy Director, the Chief Operating Officer, and the Chief of Staff. Declaration of Kevin L. Tyrrell ("Tyrrell Decl.") ¶ 7. Although the Secret Service had conducted some early initial searches that resulted in no productions of responsive records before Plaintiffs filed this lawsuit, *see* Am. Compl. ¶ 14, Tyrrell Decl. ¶ 5-6, it conducted entirely new superseding searches for responsive records based on the narrowed request, using the four individuals who occupied these positions as custodians, Tyrrell Decl. ¶ 8. The searches commenced in early July 2021. *Id*. In a Joint Status Report filed on August 11, 2021, the parties reported that the Secret Service's "search for potentially responsive records remains ongoing. USSS is re-running its searches in light of the parties' narrowing agreement and anticipates a much smaller universe of potentially responsive documents." ECF No. 21 at 2. The searches were completed in late September 2021. Tyrrell Decl. ¶ 8.

---

[2] Plaintiffs agreed to narrow their request in the same manner in *Leopold v. U.S. Dep't of Justice*, No. 1:21-cv-558. Joint Status Report, *Leopold v. Dep't of Justice*, No. 1:21-cv-558, ECF No. 17 (D.D.C. Apr. 29, 2021).

### IV.     Plaintiffs' Motion for Partial Summary Judgment

On August 22, 2022, even though this case is still clearly in the production phase, there is no schedule for summary judgment briefing, and accordingly, no defendant agency has yet moved for summary judgment, Plaintiffs moved for partial summary judgment as to the adequacy of the Secret Service's search. Pls.' Mot., ECF No. 29. Plaintiffs' motion is a mere four pages and concedes that it lacks facts about the Secret Service's search. *Id.* at 3 ("Plaintiff will respond more fully once Secret Service provides [the] details [of its search] in response to this motion."). Instead, the motion argues that the Secret Service's search was inadequate based on the facts that Plaintiffs' FOIA request included text messages regarding the events of January 6, responsive text messages should have existed, and no text messages were produced. *Id.* In addition to a partial judgment in their favor, Plaintiffs request that the Court "order Secret Service to locate and process those text messages and the text message Secret Service produced to the Inspector General, in addition to any other categories of records for which Secret Service fails to prove it conducted an adequate search in response to this motion." *Id.* at 3-4.

### LEGAL STANDARD

Summary judgment is warranted where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[O]ne who moves for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of [material] fact, and [ ] any doubt as to the existence of such an issue is resolved against the movant." *Washington v. Cameron*, 411 F.2d 705, 709-10 (D.C. Cir. 1969) (quoting *Wittlin v. Giacalone*, 154 F.2d 20, 21-22 (D.C. Cir. 1946)). "[T]he nonmoving party is to be given the benefit of the doubt." *Greenberg v. FDA*, 803 F.2d 1213, 1216 (D.C. Cir. 1986). The evidence must be analyzed in the light most favorable to the non-movant, with "all justifiable inferences . . . drawn in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Material facts are those that "might affect the outcome of the suit under the governing law." *Id.* at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

4

FOIA requires an agency to conduct a search "reasonably calculated to uncover all relevant documents." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (quoting *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). This means that the agency must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). When an agency moves for summary judgment on a FOIA claim, it may fulfill its burden of demonstrating that it conducted a reasonable search by "providing a 'reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched.'" *Reep v. U.S. Dep't of Justice*, 302 F. Supp. 3d 174, 180 (D.D.C. 2018) (alteration in original) (quoting *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003)). Such agency affidavits are afforded a presumption of good faith. *See Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

**ARGUMENT**

I. **Adjudication of the Adequacy of the Secret Service's Search is Premature.**

Plaintiffs' motion for summary judgment "is untimely, as summary judgment is not appropriately considered until defendant[s] ha[ve] filed [their] *Vaughn* [and search adequacy] declaration[s] and index[es]." *See Kooritzky*, 1993 WL 79519, at *1. The standard practice in this district is "not to entertain motions for summary judgment in FOIA cases . . . until processing and production of all records at issue in the case are complete[.]" *See, e.g.,* Order Setting Production Schedule at 4, *Knowledge Ecology Int'l v. U.S. Dep't of Health and Human Servs.*, No. 1:20-cv-02986-KBJ, ECF No. 17 (D.D.C. Feb. 11, 2021); *see also Republican Nat'l Comm. v. U.S. Dep't of State*, No. 16-486, 2016 WL 9244625, at *1 (D.D.C. Sept. 16, 2016) ("[T]he most appropriate time for summary-judgment proceedings" in a FOIA case is "after the final production is delivered.").

This standard practice is standard for a reason. After productions are completed, the parties can narrow the universe of contested issues, the agencies can submit declarations and *Vaughn*

indices justifying their response to the FOIA requests across the entire universe of contested issues, and the Court can determine the propriety of the Defendants' actions, based on a complete record, at one time. Entertaining Plaintiffs' motion for partial summary judgment on one portion of count eight of the Amended Complaint would risk this case devolving into separate piecemeal summary judgment motions. Litigating search adequacy and withholdings separately for each agency component involved would mean at least fourteen separate rounds of summary judgment briefing. Indeed, Plaintiffs' effort to adjudicate one portion of one claim against one Defendant would negate the benefits of FOIA claim joinder that courts in this district have emphasized when permitting similarly situated plaintiffs to proceed as Plaintiffs have here. *See, e.g., Am. Oversight v. U.S. Dep't of Veterans Affairs*, 326 F.R.D. 23, 30 (D.D.C. 2018) ("[S]evering this case into seventeen separate civil actions means that . . . the Court would be required to . . . rule on seventeen summary judgment briefs."); *Martinez v. U.S. Dep't of Justice*, 324 F.R.D. 33, 35, 39 (D.D.C. 2018) (emphasizing that joinder of "sixteen separate [FOIA] requests to various subcomponents of seven federal agencies" "may allow the parties to consolidate any motion practice[.]").

Plaintiffs, who chose to bring all these claims in one lawsuit and who are experienced FOIA litigants, know full well that bifurcated briefing is highly disfavored in this district in FOIA cases. Yet they provide no justification for bifurcated briefing in their motion, merely arguing that summary judgment motions in general (that is, not specifically in FOIA cases) may be filed at any time. Pls.' Mot. at 2. There is in fact no reason to brief the adequacy of the Secret Service's search now, in isolation and ahead of briefing on the adequacy of the other components' searches, nor is there any reason to brief search adequacy apart from the propriety of any challenged withholdings. Plaintiffs have not given up any challenges in this case—not to any of the Secret Service's withholdings, or to the adequacy of the other components' searches, or to any of the other components' withholdings. And their goal cannot be to obtain partial summary judgment against all components who have completed their productions on the grounds that the other components will not be done for some time, since CISA, FEMA, and TSA have also completed their productions but Plaintiffs do not move for summary judgment against them. The mere fact that

Plaintiffs want to litigate the adequacy of the Secret Service's search now is not a sufficient justification for bifurcated briefing in a FOIA case, since any FOIA plaintiff could make that argument, and the exception would swallow up the rule. In short, Plaintiffs have provided no reason, and there is no reason, to bifurcate briefing in this case. The Court should deny Plaintiffs' motion as premature, consistent with the practice in this district to litigate all issues in a FOIA case at once, following the completion of production.

## II. Plaintiffs Have Not Established that They Are Entitled to Summary Judgment on the Adequacy of the Secret Service's Search.

Should the Court reach the merits of Plaintiffs' motion, it should deny it. Plaintiffs provide only three paragraphs of argument in support of their motion. Pls.' Mot. at 3-4. And they rely on only two points purporting to show that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Pls.' Mot. at 3. These points, individually or in combination, do not establish Plaintiffs' entitlement to judgment in their favor on the adequacy of the Secret Service's search.

First, Plaintiffs argue that the Secret Service's search conducted before January 19, 2021 was inadequate, Pls.' Mot. at 3, but that was only the agency's initial, pre-litigation search. Whether or not "initial searches were inadequate" is not relevant when the agency conducts a superseding "'search that [that is] reasonably calculated to uncover all relevant documents[.]'" *Consumer Fed'n of Am. v. USDA*, 539 F. Supp. 2d 225, 227-28 (D.D.C. 2008) (citation omitted). The issue is not whether an agency's initial search is or is not adequate, but whether "its most recent search is adequate." *Looney v. Walters-Tucker*, 98 F. Supp. 2d 1, 3 (D.D.C. 2000); *see also Techserve All. v. Napolitano*, 803 F. Supp. 2d 16, 24 (D.D.C. 2011) ("When exactly a reasonable search was conducted is irrelevant."); *PETA Inc. v. Bureau of Indian Affairs*, 800 F. Supp. 2d 173, 179 n.3 (D.D.C. 2011) ("Plaintiff's repeated emphasis that the pre-litigation searches are the only searches material to the adequacy determination is [ ] legally unsupportable."); *Cooper v. U.S. Dep't of Justice*, 890 F. Supp. 2d 55, 63 (D.D.C. 2012) ("agency can obtain summary judgment on the adequacy of a FOIA search even where initial search is inadequate, so long as ultimate search efforts are deemed adequate").

7

Here, the Secret Service conducted a superseding search—the one that commenced in early July 2021 and was completed in late September 2021, after the parties reached a narrowing agreement that substantially altered the nature of Plaintiffs' FOIA request. Tyrrell Decl. ¶ 8. "[W]hen a plaintiff narrows his FOIA request in a joint status report, it supersedes any broader request set forth in the plaintiff's complaint." *Am. Ctr. for Law and Justice v. U.S. Dep't of Justice*, 325 F. Supp. 3d 162, 168 (D.D.C. 2018). Plaintiffs present no facts, let alone undisputed facts, showing that that search was inadequate. While Plaintiffs claim in their Statement of Material Facts that the additional searches consisted of the Secret Service "searching the universe of records that had already been collected by January 19, 2021, not any additional collection of records," SOMF No. 11, the Joint Status Report they cite has both parties agreeing that the Secret Service "is re-running its searches," ECF No. 21 at 3. And the Tyrrell declaration attests that the Secret Service "conducted entirely new searches for responsive records." Tyrrell Decl. ¶ 8. Because the Secret Service is not moving for summary judgment on the adequacy of its search now, because that would be premature as argued above, the Tyrrell declaration is not the type of "'reasonably detailed' affidavit describing the scope of [the agency's] search" that an agency must provide when it "moves for summary judgment[.]" *Pinson v. U.S. Dep't of Justice*, 145 F. Supp. 3d 1, 12 (D.D.C. 2015) (citation omitted). The Secret Service will provide such a declaration when it moves for summary judgment, assuming Plaintiffs are still challenging the search at that time.

Moreover, Plaintiffs argue that the Secret Service's search was inadequate because no text messages resulted from the search. Pls.' Mot. at 3. But the D.C. Circuit has repeatedly emphasized that courts must "judge the adequacy of a search not by its fruits, but rather 'by the appropriateness of the methods used to carry out the search.'" *Montgomery v. IRS*, 40 F.4th 702, 715 (D.C. Cir. 2022) (quoting *Iturralde*, 315 F.3d at 315). Plaintiffs "do not now 'maintain that the [Secret Service] failed to search particular offices or files where the [text messages] might well have been found,' . . . nor that the [Secret Service] 'failed or refused to interview government officials for whom there was strong evidence that they might have been helpful in finding the [purportedly] missing [text messages]' . . . nor that the [Secret Service] 'ignored indications in documents found

8

in its initial search that there were additional responsive [text messages] elsewhere[.]'" *See id.* (quoting *Iturralde*, 315 F.3d at 315). Indeed, Plaintiffs set forth no facts about the actual conduct of the search, dooming their motion.

The second point upon which Plaintiffs base their motion is that the "Secret Service [has not] explained why a text message it produced to the Department of Homeland Security Office of Inspector General was not produced." Pls.' Mot. at 3. Plaintiffs further explain in their Statement of Material Facts that this text message "regarding the events of January 6 . . . was received by Secret Service Uniformed Division Chief Thomas Sullivan." SOMF No. 12. Again, the adequacy of a search is not judged "by its fruits[.]" *Montgomery*, 40 F.4th at 715. But even if it was, the fact that Secret Service's search did not produce this text message is unsurprising because it is not responsive to Plaintiffs' request as narrowed.

As the parties reported in the August 2021 Joint Status Report, "[o]n June 30, 2021, the parties agreed that for the requests at issue in this case, Defendants may exclude custodians outside the Front Office, and within the Front Office, Defendants may exclude custodians at GS-14 and below[.]" ECF No. 21 at 1. In the Secret Service, the Front Office consists of "four individuals: the Director, the Deputy Director, the Chief Operating Office ("COO"), and the Chief of Staff ("COS")." Tyrrell Decl. ¶ 7. The text that Plaintiffs complain Secret Service did not produce "was between the Secret Service's former Chief, Uniformed Division and the Chief of the Capitol Police," neither of whom are in the Secret Service Front Office. *Id*. ¶ 9. So this text is not responsive to Plaintiffs' narrowed FOIA request, and the fact that it was not produced provides no basis to conclude that the Secret Service's search was inadequate.

### III. Insofar as Plaintiffs Are Seeking to Recant Their Prior Narrowing Agreement, They Must be Held to Their Agreement Under Traditional Waiver Principles.

Plaintiffs request that the Court order "Secret Service to locate and process those text messages and the text message [it] produced to the Inspector General[.]" Pls.' Mot. at 3-4. It is far from clear what Plaintiffs refer to as "those text messages." *See id*. Insofar as Plaintiffs are requesting that the Court order the Secret Service to produce records—like the only specific text

9

message that they reference—that Plaintiffs agreed to exclude from their FOIA request on June 30, 2021, their request should be rejected. ECF No. 21 at 1; Tyrrell Decl. ¶¶ 7, 9. Plaintiffs "cannot, having limited the scope of the search, turn around and say that this limited search is inadequate in its scope." *Dillon v. U.S. Dep't of Justice*, 444 F. Supp. 3d 67, 87 (D.D.C. 2020). "[W]here sophisticated parties to a FOIA case have agreed to narrow the issues in a written status report, they generally may be held to their agreement under traditional waiver principles." *Am. Ctr. for Law and Justice*, 325 F. Supp. 3d at 168. "Having voluntarily narrowed the case to a set of agreed-upon issues, the plaintiff may be said to have waived the others." *Id.*; *see also Gilman v. DHS*, 32 F. Supp. 3d 1, 22-24 (D.D.C. 2014) (holding parties to narrowing request in joint status report).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for partial summary judgment.

Dated: September 6, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director
Federal Programs Branch

/s/ *Liam C. Holland*
LIAM C. HOLLAND
(*Admitted in New York*)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20530
Phone: (202) 514-4964
Fax: (202) 616-8470
E-mail: Liam.C.Holland@usdoj.gov

*Attorneys for Defendants*